Olayiwola O. Oduyingbo (BBO #691768)
Odu@odulawfirm.com
Ana Barros (BBO #714916)
abarros@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone: (401) 209-2029
Facsimile: (401) 217-2299

*Attorneys for Plaintiffs*
*Mathews Cardeal,*
*Guttemberg Dias De Souza,*
*Lindomberg Dias De Souza,*
*Melva Mendez, Santiago Tejeda*
*and Frank Cruz*

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

GUTTEMBERG DIAS DE SOUZA, LINDOMBERG DIAS DE SOUZA, MELVA MENDEZ, FRANK CRUZ, MATHEWS CARDEAL, and SANTIAGO TEJEDA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMERICAN USED AUTO PARTS, INC., NEW AMERICAN USED AUTO PARTS, INC., D&B AUTO BODY COLLISION, INC., ALEX ROSA, *an individual,* and WENDY DIAZ, *an individual.*

Defendants.

Case No. 4:25-cv-40077

**PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR:**

1. **Violation of the Massachusetts Civil Rights Act Mass. Ann. Laws ch. 12, §§ 11H *et seq.*;**
2. **Violation of the Massachusetts Equal Rights Act, Mass. Gen. Laws ch. 93, § 102 *et seq.*;**
3. **Violation of the Massachusetts Payment of Wages Act, Mass. Gen. L. c. 149 § 148 *et seq.*;**
4. **Violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A *et seq.*;**
5. **Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq; and***
6. **Violation of Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595 *et seq.***

**DEMAND FOR JURY TRIAL**

## TABLE OF CONTENTS

Page

SUMMARY OF THE ACTION .....1

PARTIES .....1

JURISDICTION .....3

VENUE .....4

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS .....4

Defendants Fail to Properly Compensate Plaintiff Employees for Overtime and Make Unlawful Deductions to Their Weekly Pay .....4

Defendants Retaliate Against Plaintiff Employees, Extort Employees for Money, and Engage in Labor Exploitation .....5

Defendants Constitute Joint Employers .....6

Plaintiffs Exhausted Their Administrative Remedies as to Their Wage Claims and Bring This Action .....8

CLAIMS FOR RELIEF .....10

PRAYER FOR RELIEF .....14

DEMAND FOR JURY TRIAL .....15

## COMPLAINT

## SUMMARY OF THE ACTION

1. Plaintiffs, Guttemberg Dias De Souza, Lindomberg Dias De Souza, Melva Mendez, Frank Cruz, Santiago Tejeda, and Mathews Cardeal, individually and on behalf of those similarly situated, bring this action against their former employers, American Used Auto Parts, Inc., New American Used Auto Parts, Inc., D&B Auto Body Collision, Inc., Alex Rosa, and Wendy Diaz ("Defendants"), to assert their rights and remedy grave and rampant violations committed by Defendants over the course of several months. Plaintiffs bring this action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, interest and costs, including reasonable attorneys' fees as a result of Defendants' violations of the **Massachusetts Equal Rights Act**, Mass. Gen. Laws ch. 93, § 102 *et seq*.; the **Massachusetts Civil Rights Act,** Mass. Ann. Laws ch. 12, §§ 11H *et seq*.; the **Massachusetts Payment of Wages Act**, Mass. Gen. L. c. 149 § 148 *et seq.*, the **Massachusetts Minimum Fair Wages Act**, Mass. Gen. L. c. 151, § 1A; the **Fair Labor Standards Act**, 29 U.S.C. § 201 *et seq; and* the **Trafficking Victims Protection Reauthorization Act**, 18 U.S.C. § 1595 *et seq*. The Proposed Collective is composed of current and former mechanics, laborers, drivers, and office staff who are and were employed by Defendants during the applicable statutory period. Upon information and belief, for at least ten (10) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the above-described federal wage and hour statutes and regulations, in the manner described herein. The Plaintiffs hereby allege as follows:

## PARTIES

2. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

3. Defendant AMERICAN USED AUTO PARTS, INC. is a Domestic Profit Corporation with a principal office located at 16D Muskeego St., Worcester, MA 01604. Its Registered Agent is Wendy A Diaz located at 9 Envelope Tr, Worcester, MA 01604.

4. Defendant NEW AMERICAN USED AUTO PARTS, INC. is a Domestic Profit Corporation with a principal office located at 9 Envelope Tr, Worcester, MA 01604. Its Registered Agent is Wendy A Diaz located at 9 Envelope Tr, Worcester, MA 01604.

5. Defendant D&B AUTO BODY COLLISION, INC. is a Domestic Profit Corporation with a principal office located at 16 Muskeego St., Worcester, MA 01604. Its Registered Agent is Alex Marciel Rosa located at 16B Muskeego St., Worcester, MA 01545-2513.

6. Defendant Alex Marciel Rosa is an individual believed to be a resident of Shrewsbury, MA.

7. Defendant Wendy Diaz is an individual believed to be a resident of Shrewsbury, MA.

8. Plaintiffs, Guttemberg Dias De Souza, Lindomberg Dias De Souza, Melva Mendez, Frank Cruz, Mathews Cardeal, and Santigo Tejeda are residents of Massachusetts.

9. At all times relevant herein, Plaintiffs Guttemberg Dias De Souza, Lindomberg Dias De Souza, Melva Mendez, Frank Cruz, Mathews Cardeal, and Santiago Tejeda were employed by Defendants in the Commonwealth of Massachusetts in various roles including office staff, mechanics, and drivers.

10. At all times relevant, Defendants were Guttemberg Dias De Souza, Lindomberg Dias De Souza, Melva Mendez, Frank Cruz, Mathews Cardeal, and Santiago Tejeda's "employers" within the meaning of all relevant statutes.

11. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12. Defendants constitute an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r)-(s).

13. Defendants, both separately and jointly, are believed to have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

14. At all relevant times, Defendants and/or their enterprise were engaged in commerce or in an industry or activity affecting interstate commerce. For instance, numerous items used daily in the workplace were goods produced outside the State of Massachusetts and transported across state lines specifically for Defendants to use in their business operations.

15. Indeed, the Defendants regularly engaged in the transportation and sale of automobiles and used car parts across state lines.

## JURISDICTION

16. The United States District Court for the District of Massachusetts has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because Plaintiffs assert claims arising under federal law. Specifically, this action arises pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* and the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589.

17. The United States District Court for the District of Massachusetts has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

18. The United States District Court for the District of Massachusetts has personal jurisdiction over Defendants because they have a principal place of business within this District, and they have sufficient minimum contacts in Massachusetts to render the exercise of jurisdiction by this Court both proper and necessary.

## VENUE

19. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside in this District.

20. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District. Furthermore, Plaintiffs were employed in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### Defendants Fail to Properly Compensate Plaintiff Employees for Overtime and Make Unlawful Deductions to Their Weekly Pay

21. Employees collectively worked for the Defendants for over twenty years up until as recently as 2025.

22. Despite having routinely worked up to as many as seventy hours a week during this time, Plaintiffs were never properly compensated for overtime during the entire course of their employment.

23. Indeed, for all the hours worked over forty, Plaintiff Employees were only compensated for their flat normal rate of pay which varied per hour depending on their function and experience.

24. Plaintiff employees were not paid an overtime premium for hours worked in excess of forty in any given work week.

25. In addition to not properly compensating overtime, the Defendants made regular deductions to each employee's weekly pay for as much as $50-250 dollars, citing this deduction as the employees' responsibility for payroll service fees.

26. For employees like Plaintiff Mathews Cardeal, Defendants also brought forth false accusations of property damage claims.

27. Indeed, Mr. Mathews Cardeal on various occasions had wages withheld, namely

because the Defendants, upon belief and understanding, never properly brought forth claims through their insurance company because they refused to pay insurance premiums for the actual number of employees under their employ.

**Defendants Retaliate Against Plaintiff Employees, Extort Employees for Money, and Engage in Labor Exploitation**

28. After Plaintiff Guttemberg Dias De Souza advised Defendants of his intentions to seek legal remedy for the Defendants' rampant violations against him and others similarly situated employees, Mr. Alex Rosa, registered agent and owner of both D & B AUTO BODY, INC. and AMERICAN USED AUTO, INC. subsequently sought out Mr. Guttemberg Dias De Souza in public where he tried to physically attack Mr. Guttemberg Dias De Souza.

29. Mr. Rosa then fired Mr. Lindomberg Dias De Souza, Mr. Guttemberg's brother, in retaliation for the Plaintiffs having sought their legal rights.

30. In late February to early March 2025, Plaintiff Mathews Cardeal informed the Defendants that he was going to be departing from their employ shortly. Defendants did not take this information well.

31. In fact, Mr. Rosa presented himself to the Worcester Police Department where he filed a false police report accusing Mr. Cardeal of having stolen from the Defendants.

32. Defendants began extorting Mr. Mathews Cardeal for nearly thirteen thousand dollars that they alleged that he had stolen from them.

33. However, Mr. Mathews Cardeal and Mr. Rosa had agreed to Mr. Cardeal, like other drivers, receiving commissions based on each car that he collected. These commissions could be as much as $100, and drivers were also required to keep cash on them at all times for change.

34. Defendants were specifically aware that Mr. Mathews Cardeal was seeking employment with a State Agency, and Defendants threatened to interfere with his application by falsely accusing him of illegal activities if he did not agree to pay them an unfounded amount of

money based on baseless and false accusations.

35. As a direct result of the Defendant's wrongful and malicious actions, Mr. Mathews Cardeal has indeed been prevented from gainful employment with this prospective employer.

36. Of particular note, the Defendants' egregious conduct extends beyond the actions outlined above and includes discriminatory remarks about the Employee Plaintiffs' races and ethnicities.

37. Defendants on various occasions, referred to their employees as "monkeys" going so far as to write these remarks on paychecks made out to their employees.

38. Female employees of Defendants were additionally subjected to sexual harassment and unwelcoming conduct, to which they received substantial pay cuts and deductions as a result of their refusal to submit to this inappropriate behavior.

39. Upon further belief and understanding, Defendants exploited a number of their employees through the use of force, fraud, or coercion. Specifically, Defendants exploited some employees who had histories of substance abuse disorders by purchasing and supplying these employees with drugs to maintain them under their employ.

40. In other circumstances, Defendants even exploited labor through some individuals by trafficking them into the United States and forcing them to repay their "dues" in exchange for labor.

41. On numerous occasions, Defendants stated to their employees that, as immigrants, they were expected to work an excessive number of hours, and that this expectation existed precisely because they are immigrants.

**<u>Defendants Constitute Joint Employers</u>**

42. Defendants operate an auto shop business in Massachusetts.

43. Defendants are associated and are joint employers, act in the interest of each other with respect to employees, like Plaintiffs, paid employees by the same method, and shared control over employees.

44. Indeed, each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals referred to herein.

45. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of the FLSA, Massachusetts Payment of Wages Act, and Massachusetts Minimum Fair Wages Act

46. In the alternative, Defendants constitute a single employer of Plaintiffs.

47. Upon information and belief, Individual Defendants, Wendy Diaz and Alex Rosa operate Defendant Corporations as either an alter ego of themselves and/or failed to operate Defendant Corporations as legally separate entities and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

**Plaintiffs Exhausted Their Administrative Remedies as to Their Wage Claims and Bring This Action**

48. Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, the above-named Plaintiffs have submitted their statutory claims with the Office of the Attorney General and requested a Right to Sue letter.

49. Plaintiffs bring this action individually and on behalf of all other similarly situated employees, former and present, who were and/or are affected by American Used Auto Parts, Inc., New American Used Auto Parts, Inc., D & B Auto Body, Inc., Alex Rosa, and Wendy Diaz's willful and intentional violation of the FLSA, as described in this Complaint.

50. Plaintiffs bring this collective action to recover monetary damages owed by American Used Auto Parts, Inc., New American Used Auto Parts, Inc., D & B Auto Body, Inc., Alex Rosa, and Wendy Diaz to Plaintiffs and members of the putative Collective for all the unpaid overtime compensation for hours in a work week in excess of 40.

**DEFENDANTS' GENERAL EMPLOYMENT PRACTICES**

51. Defendants' conduct, including the failure to pay Plaintiffs at the correct overtime premium for all the hours worked, extended beyond Plaintiffs to all other similarly situated employees.

52. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage and overtime compensation required by federal and state laws and regulations.

53. Plaintiffs were victims of Defendants' common policy and practices, which violated their rights under the FLSA and Massachusetts laws by, inter alia, not paying them the wages they were owed for the hours they worked.

54. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and Massachusetts laws.

55. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated workers.

56. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the FLSA, 29 U.S.C. § 201 et seq., and for violations of the Massachusetts Payment of Wages Act, Mass. Gen. L. c. 149 § 148 *et seq.*; and the Massachusetts Minimum Wage Act, Mass. Gen. L. c. 151, § 1A *et seq*., including applicable liquidated damages, interest, attorneys' fees and costs.

57. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

58. Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

**FLSA COLLECTIVE ACTION CLAIMS**

59. Plaintiffs bring their FLSA minimum and overtime wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Collective Members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Collective Period").

60. At all relevant times, Plaintiffs and other members of the FLSA Collective are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum and overtime wage and willfully failing to keep accurate records under the FLSA.

61. The claims of the Plaintiffs stated herein are similar to those of the other employees.

**CLAIMS FOR RELIEF**

62. Plaintiffs reallege and incorporate by reference paragraphs 1 through the immediately preceding paragraph as if fully set forth herein.

**First Claim for Relief**

*Failure to Pay Overtime – Fair Labor Standards Act,*

*29 U.S.C. § 201 et seq.*

*(Brought on behalf of Plaintiffs and the FLSA Collective)*

63. Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiffs overtime premium for the hours worked in excess of 40 in a week in violation of the FLSA, 29 U.S.C. § 207. Under the FLSA, an employer found guilty of violating the statutory provisions therein, like section 207, is liable for liquidated damages, which is an additional amount equal to the owed amount. *See* 29 U.S.C. § 216(b).

**Second Claim for Relief**

*Failure to Pay Minimum Wage – Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. Laws c. 151 §§ 1,7*

*(Brought on behalf of all Plaintiffs and the Massachusetts Overtime Class)*

64. Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay employes at

least equal to the applicable Massachusetts Minimum Wage then in effect also in violation of Mass. Gen. Laws c. 151 §§ 1, 7. Defendants willfully and deliberately deprived Plaintiffs (and the Massachusetts Overtime Class members) of their rights secured by the Massachusetts Minimum Fair Wages Act, causing Plaintiffs (and the Massachusetts Overtime class members) to suffer damages as aforesaid.

**Third Claim for Relief**

*Failure to Pay Overtime Wages– Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. L. c. 151, § 1A, 1B*

*(Brought on behalf of all Plaintiffs and the Massachusetts Overtime Class)*

65. Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiffs for the hours worked in excess of 40 in a week, at the overtime premium, in violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A, 1B. Under this Act, Plaintiffs should have been paid the overtime premium for each overtime hour worked in a week. Per the Wage Act, an employer is liable for triple damages and the Act imposes strict liability on employers for late payment or nonpayment of wages. *Id.*

**Fourth Claim for Relief**

*Violation of the Anti-Retaliation Provision of the FLSA*

*29 U.S.C. § 215(a)(3)*

*(Brought on behalf of all Plaintiffs and the Massachusetts Overtime Class)*

66. Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by threatening and intimidating at least one former employee because of their choice to report and seek legal remedy for substantial wage violations. Section 15(a)(3) of the FLSA prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other

things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3). As a result of Defendants' retaliatory conduct, a reasonable employee may well be dissuaded from engaging in activities protected under the Act, such as asserting their right to receive proper compensation or cooperating with an investigation or litigation concerning violations of the FLSA.

**Fifth Claim for Relief**

*Retaliation – Massachusetts Wage and Hour Anti-Retaliation Provision,*

*Mass. Gen. L. c. 149, § 148A and Mass. Gen. L. c. 151, § 19(1) and (5)*

*(Brought on behalf of Plaintiffs and the Massachusetts Employee Class)*

67. Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct under Mass. Gen. Laws ch. 149 § 151 by threatening and intimidating at least one former employee because of their choice to report and seek legal remedy for several substantial violations.

**Sixth Claim for Relief**

*Trafficking Victims Protection Reauthorization Act,*

*18 U.S.C. § 1595 et seq.*

*(Brought on behalf of Plaintiffs and the Massachusetts Employee Class)*

68. Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by knowingly obtaining labor or service of Employees through one of the enumerated prohibited means in violation of Section 1589.

69. The Trafficking Victims Protection Act ("TVPA") allows a victim to sue for damages if his or her labor was obtained by means of coercion, including by means of legal

coercion.

70. Defendants knowingly provided and obtained Plaintiffs' labor and services by means of the abuse or threatened abuse of law or legal process in violation of 18 U.S.C. §1589(4).

**Seventh Claim for Relief**

*Massachusetts Civil Rights Act*

*Mass. Ann. Laws ch. 12, §§ 11H & 11I*

71. Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by interference or attempted interference with rights secured by the U.S. Constitution, state constitution, or laws, through threats, intimidation, or coercion.

72. Defendants knowingly provided and obtained Plaintiffs' labor and services by means of the abuse or threatened abuse of law or legal process.

**Eighth Claim for Relief**

*Massachusetts Equal Rights Act,*

*Mass. Gen. Laws ch. 93, § 102*

73. M. G. L. c. 94, Section 102, provides that '[a]ll persons within the commonwealth regardless of sex, race, color or national origin, shall have… the same rights enjoyed by white male citizens to make and enforce contracts…to sue… and to the full and equal benefit of all laws and proceedings for the security of persons and property". These rights extend to the making and enforcement of employment contracts.

74. As detailed herein, Defendants engaged in a series of actions (a) designed to deny Plaintiffs the opportunity to enforce their contractual rights and/or to contract for further employment, and (b) designed to deny Plaintiffs the full and equal benefits of all laws afforded to them due to their race and national origin.

75. By their actions as set forth above, Defendants violated the provisions of G. L. c.

94, Section 102 and 103. As a direct and proximate cause of Defendants' actions, Plaintiffs have suffered significant, irreparable harm and damages for which Defendants are liable, which losses include, but are not limited to, compensatory and exemplary damages, and reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Guttemberg Dias De Souza, Lindomberg Dias De Souza, Melva Mendez, Frank Cruz, Mathews Cardeal, and Santiago Tejeda, individually and on behalf of all others similarly situated, pray and respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime for all hours worked over forty (40) in a workweek;

B. Designation of Plaintiffs as Collective Representatives for the Massachusetts Overtime Collective and Massachusetts Monthly Pay Collective and counsel of record as Collective Counsel;

C. A declaratory judgment declaring that the acts and/or omissions of Defendants, including, but not limited to those complained of herein, are in violation of The Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589; the Massachusetts Payment of Wages Act, MGL c. 149, § 148 *et seq*, the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A et seq.; and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

D. An injunction directing Defendants to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

E. An injunction or other equitable relief, including, but not limited to, an award of

back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Plaintiffs whole for all earnings and benefits they would have received but for the violations.

F. An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Plaintiffs are entitled.

G. An award of prejudgment interest, reasonable attorneys' fees, and costs;

H. A reasonable incentive award for the lead Plaintiffs to compensate them for the time he spent attempting to recover wages for Collective Members and for the risks they took in doing so; and

I. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury of all issues triable as of right.

Dated: July 23, 2025

**ODU LAW FIRM, LLC**

By: /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
BBO #691768
**Ana Barros, Esq.**
BBO #714916
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com
ABarros@odulawfirm.com

**ATTORNEYS FOR PLAINTIFFS GUTTEMBERG DIAS DE SOUZA, LINDOMBERG DIAS DE SOUZA, MELVA MENDEZ, FRANK CRUZ, MATHEWS CARDEAL, SANTIAGO TEJEDA AND OTHERS SIMILARLY SITUATED**

ODU LAW FIRM, LLC
For the Injured & Disabled

ODU Law Firm, LLC
888 Reservoir Avenue
Second Floor
Cranston, RI 02910

Office: (401) 209-2029
Fax: (401) 217-2299
E-mail: odu@odulawfirm.com
Web: www.odulawfirm.com

April 24, 2025

**BY HAND**

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name: Mathews cardeal

Legal representative: ODU Law Firm, LLC

Signature: ID nPWTWFJmsNfLeV4NN8TXVpJ2

Date: 4/24/2025

# eSignature Details

**Signer ID:** **nPWTWFJmsNfLeV4NN8TXVpJ2**
Signed by: Mathews Cardeal
Sent to email: [redacted]
IP Address: [redacted]
Signed at: Apr 24 2025, 2:24 pm EDT

ODU LAW FIRM, LLC
For the Injured & Disabled

ODU Law Firm, LLC
888 Reservoir Avenue
Second Floor
Cranston, RI 02910

Office: (401) 209-2029
Fax: (401) 217-2299
E-mail: odu@odulawfirm.com
Web: www.odulawfirm.com

April 1, 2025

**BY HAND**

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name: Lindomberg Elias de Souza

Legal representative: ODU Law Firm, LLC

Signature: ______________________

Date: 4/1/25

ODU LAW FIRM, LLC
For the Injured & Disabled

ODU Law Firm, LLC
888 Reservoir Avenue
Second Floor
Cranston, RI 02910

Office: (401) 209-2029
Fax: (401) 217-2299
E-mail: odu@odulawfirm.com
Web: www.odulawfirm.com

April 1, 2025

**BY HAND**

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name: Melva Aida Mendez

Legal representative: ODU Law Firm, LLC

Signature: ______________________

Date: 4/1/25

ODU LAW FIRM, LLC
For the Injured & Disabled

ODU Law Firm, LLC
888 Reservoir Avenue
Second Floor
Cranston, RI 02910

Office: (401) 209-2029
Fax: (401) 217-2299
E-mail: odu@odulawfirm.com
Web: www.odulawfirm.com

April 1, 2025

**BY HAND**

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name: Guttemberg Dias de Souza

Legal representative: ODU Law Firm, LLC

Signature: [signature]

Date: 4/1/25

**ODU LAW FIRM, LLC**
For the Injured & Disabled

ODU Law Firm, LLC
888 Reservoir Avenue
Second Floor
Cranston, RI 02910

Office: (401) 209-2029
Fax: (401) 217-2299
E-mail: odu@odulawfirm.com
Web: www.odulawfirm.com

April 1, 2025

**BY HAND**

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name: Frank Cruz Forty

Legal representative: ODU Law Firm, LLC

Signature: [signature]

Date: 4/1/25

**ODU LAW FIRM, LLC**
For the Injured & Disabled

ODU Law Firm, LLC
888 Reservoir Avenue
Second Floor
Cranston, RI 02910

Office: (401) 209-2029
Fax: (401) 217-2299
E-mail: odu@odulawfirm.com
Web: www.odulawfirm.com

June 5, 2025

**BY HAND**

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name: Santiago Tejeda

Legal representative: ODU Law Firm, LLC

Signature: ID 88NuVSW66uEfN7SzpcfouXUq

Date: 6/4/2025

# eSignature Details

**Signer ID:** **88NuVSW66uFfN7SzpcfouXUq**
Signed by: Santiago Tejeda
Sent to email: [redacted]
IP Address: [redacted]
Signed at: Jun 4 2025, 9:20 pm EDT