**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

GUTTEMBERG DIAS DE SOUZA, LINDOMBERG DIAS DE SOUZA, MELVA MENDEZ, FRANK CRUZ, MATHEWS CARDEAL, and SANTIAGO TEJEDA, individually and on behalf of all others similarly situated,

PLAINTIFFS

V.

AMERICAN USED AUTO PARTS, INC., NEW AMERICAN USED AUTO PARTS, INC., D&B AUTO BODY COLLISION, INC., ALEX ROSA, an individual, and WENDY DIAZ, an individual.

Docket No.: 4:25-cv-40077

DEFENDANTS' RENEWED MOTION TO DISMISS UNDER 12(b)(6)

NOW COMES the Defendants in the above captioned matter on this Motion to Dismiss. Please consider the following in consideration of this Motion:

1. The Plaintiffs Complaint lists eight (8) counts against the Defendants. Among these counts the Defendants are asking this Court to Dismiss claim two, claim three, claim five, and claim six.
2. The Defendants are seeking dismissal on account of four grounds. The four grounds for dismissal include:
   a. Pursuant to Fed. R. Civ. P. 12(b)(6), a party may seek dismissal where an adverse party fails to state a claim upon which relief can be granted. *See also* Mass. R. Civ. P. (12)(b)(6).
   b. Pursuant to Mass. Gen. Laws c. 149, Section 150, an employee claiming to be aggrieved by a violation of sections 33E, 52E, 148, 148A, 148B, 148C, 150C,

152, 152A, 159C or 190 or section 19 of chapter 151 may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within 3 years after the violation, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits; provided, however, that the 3 year limitation period shall be tolled from the date that the employee or a similarly situated employee files a complaint with the attorney general alleging a violation of any of these sections until the date that the attorney general issues a letter authorizing a private right of action or the date that an enforcement action by the attorney general becomes final.

c. Failing to pierce the corporate veil and naming two individuals as parties in this lawsuit.

d. Failure to file a complaint on behalf of one of the Defendants within the statute of limitations.

3. Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendants are seeking a dismissal of Claim six of the Plaintiffs complaint:

a. According to the sixth claim for relief of the Plaintiffs' Complaint, the Plaintiffs' are seeking relief pursuant to the Trafficking Victims Protection Act under 18 U.S.C., Section 1589. According to the plain language of this statute, whoever knowingly violates this statute is subject to punishment in the form of imprisonment or a fine. Id.

b. Here, the Plaintiffs erroneously assert that this statute creates a private right of action. (*See* Paragraph 64 of Plaintiffs' Complaint). This specific statute does not create a private right of action that entitles the Plaintiffs to sue for damages. According to the plain language of this statute, the violators of this statute are subject to criminal fines and punishment.

c. Additionally, the Plaintiffs failed to cite two other sections of this statute that are relevant for purposes of this claim. The Plaintiffs failed to assert a claim for a civil remedy under 18 U.S.C., Section 1595. This statute does creat a private right of action, however that action must be stayed pending criminal investigation or prosecution. The second section that the Plaintiffs failed to cite is 18 U.S.C., Section 1595A. This section requires that if a civil action is brought before an indictment is returned against the Defendant, the court must put the civil action under seal.

d. As cited, the Plaintiffs have failed to assert a claim for relief. Additionally, the Plaintiffs have failed to assert any facts giving rise to the statute that was cited. The Plaintiffs have also brought this action prematurely given that there is no information about an ongoing criminal investigation or indictment. Because of this, the Plaintiffs claim for relief should be dismissed.

4. Pursuant to Mass. Gen. Laws c. 149, Section 150 and Mass. Gen. Laws c. 151, Section 20, the Defendants are seeking dismissal of Claim two, Claim three, and Claim five:

a. According to the Plaintiffs' second, third, and fifth claims in their complaint, the Plaintiffs' are asserting a series of violations under Massachusetts wage and hour laws. Pursuant to Mass. Gen. Laws c. 149, Section 150 and Mass. Gen. Laws c.

151, Section 20, a Plaintiff must obtain authorization from the Massachusetts Attorney General's office in the form of a right to sue letter to bring an action on any of the alleged claims. The letter must also identify the statutory violations that are being asserted.

b. According to the filings and information served on the Defendants, the Plaintiffs have failed to properly bring this action before the Massachusetts Attorney General or obtain the requisite right to sue letters. Only five of the six Plaintiffs have obtained letters from the Massachusetts Attorney General's office. These Plaintiffs are Lindomberg Dias de Souza, Mathews Cardeal, Frank Cruz, Melva Mendez, and Santiago Tejada. However, these letters do not grant the Plaintiffs the right to sue. Rather, these letters detail potential violations of Mass. Gen. Laws c. 149, Section 52C concerning personnel record keeping - a claim that is not asserted in the Plaintiffs complaint. The Plaintiff, Gutenberg Diaz de Souza has failed to provide a letter in any capacity.

c. Because the Plaintiffs have failed to obtain the right to sue letters, as required by statute, the Plaintiffs cannot proceed on their alleged wage and hour claims. Because the Plaintiffs have failed to take this required step, the Plaintiffs claims must be dismissed.

5. The individual Defendants, Alex Rosa and Wendy Diaz, as individuals, should be dismissed from this lawsuit.

   a. According to the Plaintiffs' Complaint, this matter is ultimately a pay dispute.

   b. The Plaintiff has named three other corporate Defendants in conjunction with the two individual Defendants.

c. The two individual Defendants are the principal shareholders of the corporations.

d. There are no facts indicating that the individual Defendants were commingling their personal business with their corporate business or acting with any sense of illegitimacy. My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618 (1968).

e. Furthermore, the corporations that are named as Defendants are legitimate operations that have been in operation since 2016 and 2019.

f. Because this is a matter between the Plaintiffs and legitimate businesses, the individual Defendants should be dismissed from this lawsuit.

6. Finally, the Defendants assert that the Plaintiff, Santiago Tejada, last worked with the Defendants in approximately 2021 and is therefore barred from bringing a claim due to the statute of limitations.

WHEREFORE, based on the available information, the Plaintiffs have committed a series of errors in the drafting of their complaint. The Plaintiffs have erroneously asserted a claim for relief where relief cannot be granted, failed to properly obtain the requisite right to sue letters from the Massachusetts Attorney General's office, and improperly named two individual Defendants in this action. Because of this, the claims arising under the Trafficking Victims Protection Act and Massachusetts Wage claims should be dismissed and the two individual Defendants should be dismissed from this action and any further liability.

Respectfully submitted,
*The Defendants*
By their Attorney,

/S/ *Nicole M. Bluefort*
Nicole M. Bluefort, Esq.
The Law Offices of Nicole M. Bluefort
583 Chestnut Street, Unit 9
Lynn, MA 01904
Tel: (781) 593-1952
Fax: (781) 593-0221
nicole@bluefortlaw.com

July 29, 2025

**CERTIFICATE OF SERVICE**

I, Nicole M. Bluefort, Esq., do hereby certify that on July 29, 2025, I served a true and accurate copy of *Defendant's Renewed Motion to Dismiss* to the following parties in this matter:

**By: Electronic Mail**
Ana Barros, Esq.
abarros@odulawfirm.com

**By: Electronic Mail**
Olayiwola Oduyingbo, Esq.
odu@odulawfirm.com

Respectfully submitted,

/s/ Nicole Bluefort

Nicole Bluefort, Esq.

BDK/NMB