Olayiwola O. Oduyingbo (BBO #691768)
Odu@odulawfirm.com
Ana Barros (BBO #714916)
abarros@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone: (401) 209-2029
Facsimile: (401) 217-2299

*Attorneys for Plaintiffs*
*Mathews Cardeal,*
*Guttemberg Dias De Souza,*
*Lindomberg Dias De Souza,*
*Melva Mendez, Santiago Tejeda*
*and Frank Cruz*

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GUTTEMBERG DIAS DE SOUZA, LINDOMBERG DIAS DE SOUZA, MELVA MENDEZ, FRANK CRUZ, MATHEWS CARDEAL, and SANTIAGO TEJEDA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN USED AUTO PARTS, INC., NEW AMERICAN USED AUTO PARTS, INC., D&B AUTO BODY COLLISION, INC., ALEX ROSA, *an individual,* and WENDY DIAZ, *an individual.*<br><br>Defendants. | Case No. 4:25-cv-40077<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....... 1

RELEVANT FACTUAL BACKGROUND ....... 2

STANDARD OF REVIEW ....... 2

ARGUMENT ....... 4

I. Defendants Failed to Comply with Local Rule 7.1 ....... 4

II. Defendants Misinterpreted the Provisions of the TVPA Statute ....... 4

III. Plaintiffs Properly Exhausted Their Administrative Remedies ....... 5

IV. Plaintiff Adequately Pled Sufficient Facts to Allow All Stated Parties to Remain Parties to This Action. ....... 7

a. Plaintiffs Have Sufficiently Alleged Claims Against All Defendants and Individual Defendants, Wendy Diaz and Alex Rosa Should Remain Parties to This Action ....... 7

b. Claims Asserted by Plaintiff Santiago Tejeda Are Not Time Barred ....... 8

V. The Plaintiffs' Claims Under Counts II, III, V and VI ....... 9

CONCLUSION ....... 9

CERTIFICATE OF SERVICE ....... 1

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## INTRODUCTION

Plaintiffs Guttemberg Dias De Souza, Lindomberg Dias De Souza, Melva Mendez, Frank Cruz, Santiago Tejeda, and Mathews Cardeal, (collectively referred to as "Plaintiffs") individually and on behalf of those similarly situated, through their undersigned counsel, hereby submit their Opposition to Defendants' American Used Auto Parts, Inc., New American Used Auto Parts, Inc., D&B Auto Body Collision, Inc., Alex Rosa, and Wendy Diaz (collectively referred to as "Defendants") Motion to Dismiss. Defendants moved to dismiss Counts Two, Three, Five, and Six of Plaintiffs' Amended Complaint. Count Two sets forth claims of violations under the Massachusetts Civil Rights Act, Mass. Ann. Laws ch. 12, §§ 11H *et seq*. Count Three sets forth claims of violations under the Massachusetts Payment of Wages Act, Mass. Gen. L. c. 149 § 148 *et seq*. Count Five sets forth claims of violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Count Six sets forth claims of violations under the Trafficking Victims Protection Reauthorization Act ("TVPA"), 18 U.S.C. § 1595 *et seq.*

Defendants' Motion to Dismiss is not entirely clear. It is evident that Defendants did not conduct a thorough or diligent review of Plaintiffs' Amended Complaint (ECF No. 16). First, Defendants argue Count Six should be dismissed because this action must be stayed pending a criminal investigation. Second, Defendants argue that Counts Two, Three, and Five should also be dismissed because Defendants erroneously allege that Plaintiffs did not exhaust their administrative remedies, even though this was clearly detailed in their Amended Complaint. Third, Defendants argue that Defendants Wendy Diaz and Alex Rosa should be dismissed as parties from this suit. Fourth, Defendants argue that this case should be dismissed because the statute of limitations has allegedly passed as it relates to only Plaintiff Santiago Tejeda's wage claims. Each one of Defendants' arguments is unavailing, and therefore, their Motion to Dismiss should be denied.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## RELEVANT FACTUAL BACKGROUND

Plaintiffs collectively worked at Defendants in various roles throughout the years. ECF No. 16, Amended Complaint ¶ 21-24. Throughout this time, Plaintiffs routinely worked up to as many as seventy hours a week but were never properly compensated for overtime. *Id*. Indeed, all hours over 40 in a given week were solely compensated at a flat rate and not at the overtime premium. *Id*. Plaintiffs additionally received substantial reductions to their paychecks in the form of improper "payroll" fees. Amended Complaint ¶ 25-27.

After Plaintiff employees advised Defendants of their intentions to seek legal remedy, several Plaintiff employees were faced with acts of retaliation by the Defendants. Amended Complaint ¶ 28-30. Defendants routinely engaged in discriminatory and hostile conduct including sexual harassment and exploitation of workers through the use of force, fraud, and/or coercion. Amended Complaint ¶ 34-41.

Thereafter, pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, Plaintiffs submitted their statutory claims with the Office of the Attorney General and requested a Right to Sue letter which they all received.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests whether the plaintiff provided enough factual information to "state a claim to relief that is plausible on its face" and "raise[s] a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff is not, however, required to plead specific facts. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Rather, the Court "'must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). The Court must then determine "whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

misconduct alleged.'" *Id.* (quoting *Morales-Cruz*, 676 F.3d at 224). Importantly, the Court must accept as true all well-pled facts, analyze those facts "in the light most favorable to [the plaintiff]", and draw all reasonable factual inferences in the plaintiff's favor when ruling on a motion to dismiss under Rule 12(b)(6). *Gilbert v. City of Chicopee*, 915 F.3d 74, 76, 80 (1st Cir. 2019) (additional citations omitted).

The complaint "need not allege every fact necessary to win at trial, but need only include sufficient facts to make it 'plausible on its face.'" *Rodríguez-Vives v. P.R. Firefighters Corps of P.R.*, 743 F.3d 278, 283 (1st Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiffs need only provide "enough fact to raise a reasonable expectation that discovery will reveal evidence of the [unlawful conduct]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (2007) (additional citations omitted).

In employment cases, "because 'smoking gun proof [] is rarely available, especially at the pleading stage,' [the court] demand[s] only 'telltale clues . . . from the circumstances' as pled in the complaint." *Maloy v. Ballori-Lage*, 744 F.3d 250, 253 (1st Cir. 2014) (additional citations omitted); *see also Reilly v. Cox Enters., Inc.*, C.A. No. 13-785S, 2014 U.S. Dist. LEXIS 128452, at *6 (D.R.I. Apr. 16, 2014) (holding that "'circumstantial evidence often suffices to clarify a protean issue'" and that the "complaint should not be read 'too mechanically;' rather, it should be considered holistically with a heavy dose of common sense") (citing *García-Catalán v. United States,* 734 F.3d 100, 103 (1st Cir. 2013); *Rodriguez-Vives*, 743 F.3d at 283; *Maloy,* 744 F.3d at 250).

Importantly, "[t]he Court will only grant Rule 12(b)(6) motions to dismiss that depend upon affirmative defenses such as statute of limitations if the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." *Awadh v. Tourneau, Inc.*, No. 15-cv-13993, 2018 U.S. Dist. LEXIS 41557, at *7 (D. Mass. Mar. 14, 2018) (quoting *Blackstone Realty LLC v. FDIC*,

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

244 F.3d 193, 197 (1st Cir. 2001)) (internal quotation marks omitted).

## ARGUMENT

### I. Defendants Failed to Comply with Local Rule 7.1

First and foremost, Defendants' Counsel was required under Local Rule 7.1(a)(2) to meet and confer before filing any motion with the Court. Likewise, Defendants' Counsel was required to certify that they complied with this requirement upon filing of their motion. The Defendants have failed to satisfy either of these obligations. The requirement to meet and confer is essential to conserve the limited time and resources of both the Court and the parties by avoiding unnecessary motion practice. The Defendants, by and through counsel, on two occasions, have hastily filed motions to dismiss without any regard for these procedural requirements.

### II. Defendants Misinterpreted the Provisions of the TVPA Statute

Defendants argue that Plaintiffs are seeking relief pursuant to 18 U.S.C. § 1589. ECF No, 18, Defendant's Renewed Motion to Dismiss ¶ 3. This is incorrect as Plaintiffs' amended complaint specifically details claims under 18 U.S.C. § 1595 *et seq*. ECF No. 16, Amended Complaint ¶ 68-70. Specifically, Plaintiffs cited 18 U.S.C. § 1595 ***et seq*.**, which indicates that the reference includes Section 1595 as well as the subsequent related sections.

Defendants also mistakenly contend that the statute does not confer a private right of action and, in the alternative, argue that even if it does, the claim was filed prematurely. The TVPA creates a private right of action for victims of various human trafficking crimes. 18 U.S.C. § 1595(a) ("An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator . . . in an appropriate district court of the United States and may recover damages and reasonable attorneys fees."); *McLeod v. Fessenden Sch.*, No. 21-cv-10807-FDS, 2022 U.S. Dist. LEXIS 156961, 2022 WL 3925208, at *3 (D. Mass. Aug. 31, 2022) (citing 18 U.S.C. §§ 1589, 1595). The plain language of the TVPA, among other things, clearly establishes a civil right of action for trafficking victims.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

Moreover, the statute states that any civil action filed under 18 U.S.C. § 1595(a) "shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). ***Nothing*** in the statute requires that criminal proceedings be initiated against the Defendants as a prerequisite for the civil claim to proceed. Further, Plaintiffs are not aware of any ongoing criminal proceedings involving Defendants. Accordingly, to the extent Defendants argue that the TVPA claim should be stayed due to any pending criminal proceedings, it was incumbent upon them to demonstrate the existence and status of such proceedings in their motion. They have failed to do so.

Moreover, Defendants fundamentally misinterpret the relevant statutory provisions by conflating 18 U.S.C. § 1595 with 18 U.S.C. § 1595A. Specifically, they contend that even if Plaintiffs have stated a valid claim under § 1595, the action must nonetheless be filed under seal pursuant to § 1595A(c)(2). This argument is legally flawed. The sealing requirement found in § 1595A(c)(2) applies solely to civil actions initiated by the Attorney General. Plaintiffs, however, bring their claims under § 1595, which creates a private right of action and contains no such sealing requirement. Accordingly, Defendants' reliance on § 1595A(c)(2) is misplaced and has no bearing on the present action.

## III. <u>Plaintiffs Properly Exhausted Their Administrative Remedies</u>

Plaintiffs, pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, submitted their statutory claims with the Office of the Attorney General and requested a Right to Sue letter which they all received. Amended Complaint ¶ 48. Plaintiffs all timely filed their Complaint and sufficiently pled facts supporting their present claims of wage claims and therefore properly exhausted their administrative remedies. *See* Exhibit A.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

### a. Defendants' Argument Is Premised on the Incorrect Assumption That a Right-to-Sue Notice Must Be Received *Prior* to Filing

Defendants' argument that a plaintiff is required to receive the Right to sue or wait 90 days prior to initiating a lawsuit is incorrect. The Right to Sue is processed by the Attorney General and a plaintiff can request it at the time of filing. The purpose of filing a complaint with the Attorney General is to provide notice of potential violations to the **Attorney General**, not Defendants. *See Nahigian v. Leonard*, 233 F. Supp. 2d 151, 164 (D. Mass. 2002) ("The purpose of Section 150's administrative requirement is not necessarily to give potential defendants notice and an opportunity to conciliate, but rather to give the Attorney General notice that a violation [failure to pay wages] may be occurring").

This very issue was already decided in *Lawless v. Steward Health Care Sys., LLC.*, 894 F.3d 9 (1st Cir. 2018). There, the First Circuit decided that the plaintiff who filed her complaint with the Attorney General the same day she filed the complaint properly exhausted her administrative remedies. *Id.* at 22. The First Circuit explained that the notice requirements were put in place "to ensure that the Wage Act's dual enforcement mechanisms [criminal and civil] work harmoniously." *Id.* at 22. It further explained that a plaintiff who submitted her claims to the Attorney General and filed suit before receiving assent or the passage of 90 days "may still recover under the Wage Act as long as the Attorney General assents to the suit **prior to the entry of judgment**. *Id.* at 25 (emphasis added). Therefore, here, Defendants' argument is wholly unsupported by controlling case law, and Plaintiffs properly exhausted their administrative remedies.

Moreover, failure to file the complaint with the Attorney General prior to starting a private action does not deprive the court of jurisdiction, provided the Attorney General is notified during the pendency of the case. *See Depianti et al. v. Jan-Pro Franchising International, Inc.*, 465 Mass. 607 (2013) ("we conclude that [Plaintiff's] failure to first file a complaint with the Attorney

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

General does not deprive the United States District Court of jurisdiction to consider his claims under G.L. c. 149 [or] G.L. c. 151."). In fact, "such a procedural defect does not substantially interfere with the statute's purpose of providing notice." *Id.*; *see also Nahigian,*, 233 F. Supp. 2d at 164. Here, Plaintiffs have each filed a complaint with the Attorney General against each Defendant, and therefore, this Court has jurisdiction over these claims.

**b. <u>Defendants Erroneously Assert That a Statutory Right to Sue Is Required for Counts Two and Four</u>**

The Defendants further set forth their mistaken belief that there is a propounded obligation on the Plaintiffs to seek statutory authorization under Counts II and V. Count Two of the Plaintiffs' Amended Complaint sets forth claims of violations under the Massachusetts Equal Rights Act, Mass. Gen. Laws c. 93, § 102 *et seq*. Count Five sets forth claims of violations under the FLSA, 29 U.S.C. § 201 *et seq.* Neither statute requires a plaintiff to seek statutory authorization. Under 29 U.S.C. § 216, an employee may bring an action against an employer in any federal or state court of competent jurisdiction for violations of the FLSA. Importantly, however, the FLSA does not impose a requirement that an employee plaintiff request statutory authority (e.g. a "right to sue") prior to filing a lawsuit in court. Likewise, MERA, Mass. Gen. Laws c. 93, § 102 *et seq.*, does not impose a requirement that the plaintiff request statutory authority or a right to sue before filing in court. Therefore, this Court should deny Defendants' argument.

**IV. <u>Plaintiff Adequately Pled Sufficient Facts to Allow All Stated Parties to Remain Parties to This Action.</u>**

**a. <u>Plaintiffs Have Sufficiently Alleged Claims Against All Defendants and Individual Defendants, Wendy Diaz and Alex Rosa Should Remain Parties to This Action</u>**

Defendants argue that all Counts should be dismissed against individual Defendants, Wendy Diaz and Alex Rosa because Plaintiffs failed to state a claim against individual Defendants, Wendy Diaz and Alex Rosa. However, Plaintiff pled sufficient facts to hold them individually

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

liable. Plaintiffs have sufficiently pled that individual Defendants, Wendy Diaz and Alex Rosa operate Defendant Corporations as either an alter ego of themselves and/or failed to operate Defendant Corporations as legally separate entities and apart from themselves. Amended Complaint ¶ 47-48.

Specific corporate Defendant, New American Used Auto Parts, Inc., as confirmed through their renewed motion to dismiss, conducted business during all relevant time periods alleged in the Amended Complaint. Specifically, they affirm that they have been in operation since 2016 and 2019. ECF No. 18, Defendants' Renewed Motion to Dismiss ¶ 5-6. As an example, Defendant New American Used Auto Parts, Inc., was dissolved, either by court order or by the Secretary of the Commonwealth. Despite this dissolution, Individual Defendants Alex Rosa and Wendy Diaz have continued operating the business. *See* Exhibit B. Moreover, as confirmed by Defendants' Motion, Alex Rosa and Wendy Diaz are the principal shareholders of the corporations. The dissolution of the corporate entity eliminates any corporate veil, leaving the individual Defendants exposed to personal liability for their conduct.

### b. <u>Claims Asserted by Plaintiff Santiago Tejeda Are Not Time Barred</u>

Although the Defendants assert that there was a "failure to file a complaint on behalf of one of the <u>Defendants</u> within the statute of limitations", Plaintiffs respond to this point under the assumption that the Defendants intended to address the Plaintiffs and that their reference to "Defendants" was merely a typographical error. ECF No. 18, Defendants' Renewed Motion to Dismiss ¶ 2. Defendants argue that Plaintiff Santiago Tejeda should be dismissed as a Plaintiff from this case due to their belief that the Statute of Limitations has passed on his claims.

Defendants' argument rests on un unsupported allegation that Mr. Tejeda last worked for the Defendant in 2021. Mr. Tejeda, like all other Plaintiffs, worked for Defendants during the course of several years up until as late as 2025, as detailed in the Amended Complaint. In fact, the Amended Complaint includes specific dates and duration of employment, detailed descriptions of

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

work performed, and hours worked. At the Motion to Dismiss stage, the Court must accept all well-pled facts as true and analyze them in the light most favorable to the plaintiff. *Gilbert*, 915 F.3d at 76, 80. Defendants' argument seems to argue that the Court should adopt a different standard of review and should credit their wholly unsupported statement regarding Plaintiff Tejeda's years of employment.

Furthermore, Defendants' argument that the statute of limitations for the TVPA has elapsed is incorrect and should be dismissed. The TVPA allows victims ten years from the date of the violation to file a lawsuit. 18 U.S.C. § 1595(c). Therefore, none of the Plaintiffs' claims are time barred.

## V. <u>The Plaintiffs' Claims Under Counts II, III, V and VI</u>

It is unclear to Plaintiffs whether Defendants are arguing that Counts II, III, V and VI should be dismissed for failure to state a claim. A motion to dismiss requires that the moving party present well-developed arguments in support of their position. Here, Defendants merely assert that dismissal is warranted because the claims were insufficiently pled. They neither expand upon this assertion nor address it again in the remainder of their motion. Indeed, in their entire seven-page filing, the contention that Plaintiffs failed to state a claim appears only once on the first page and is never revisited or substantiated. ECF No, 18, Defendants' Renewed Motion to Dismiss, ¶ 1. Although such detail is not required at this stage, Plaintiffs have, in fact, sufficiently pled a prima facie case of each and every one of their claims, supported by the detailed factual allegations in their Amended Complaint. Defendants' "spaghetti on the wall" approach in their renewed motion to dismiss is unpersuasive, and the Court should disregard or otherwise deny any request to dismiss these counts on the ground that Plaintiffs failed to state a claim.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' motion insofar as it seeks not only the dismissal or removal of Defendants Alex Rosa and Wendy

Diaz, but also the dismissal or removal of Plaintiff Santiago Tejeda along with the dismissal of Counts Two, Three, Five, and Six.

Dated: August 12, 2025

**ODU LAW FIRM, LLC**

By: /s/ *Olayiwola Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
BBO #691768
**Ana Barros, Esq.**
BBO #714916
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com
ABarros@odulawfirm.com

**ATTORNEYS FOR PLAINTIFF GUTTEMBERG DIAS DE SOUZA, LINDOMBERG DIAS DE SOUZA, MELVA MENDEZ, FRANK CRUZ, MATHEWS CARDEAL, SANTIAGO TEJEDA AND OTHERS SIMILARLY SITUATED**

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2025, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

By: /s/ *Olayiwola Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
BBO # 691768
**Ana Barros, Esq.**
BBO #714916
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com
ABarros@odulawfirm.com

**ATTORNEYS FOR PLAINTIFF GUTTEMBERG DIAS DE SOUZA, LINDOMBERG DIAS DE SOUZA, MELVA MENDEZ, FRANK CRUZ, MATHEWS CARDEAL, SANTIAGO TEJEDA AND OTHERS SIMILARLY SITUATED**