**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

GUTTEMBERG DIAS DE SOUZA, LINDOMBERG DIAS DE SOUZA, MELVA MENDEZ, FRANK CRUZ, MATHEWS CARDEAL, and SANTIAGO TEJEDA, individually and on behalf of all others similarly situated,

PLAINTIFFS

V.

AMERICAN USED AUTO PARTS, INC., NEW AMERICAN USED AUTO PARTS, INC., D&B AUTO BODY COLLISION, INC., ALEX ROSA, an individual, and WENDY DIAZ, an individual.

Docket No.: 4:25-cv-40077

---

DEFENDANTS' MOTION TO DISMISS UNDER 12(b)(6)

---

NOW COMES the Defendants in the above captioned matter on this Motion to Dismiss. Please consider the following in consideration of this Motion:

1. Pursuant to Fed. R. Civ. P. 12(b)(6), a party may seek dismissal where an adverse party fails to state a claim upon which relief can be granted. *See also* Mass. R. Civ. P. (12)(b)(6).
2. In the instant matter, the Defendants' are seeking dismissal of the Plaintiffs' sixth (6th) claim of their Second Amended Complaint where they allege a violation of the Trafficking Victims Protection Reauthorization Act.
3. Please see the attached memorandum in support of this Motion.

Wherefore, we ask that this Motion be granted.

Respectfully submitted,
*The Defendants*
By their Attorney,

/S/ *Nicole M. Bluefort*

Nicole M. Bluefort, Esq.
The Law Offices of Nicole M. Bluefort
583 Chestnut Street, Unit 9
Lynn, MA 01904
Tel: (781) 593-1952
Fax: (781) 593-0221
nicole@bluefortlaw.com

May 6, 2026

BDK/NMB

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

GUTTEMBERG DIAS DE SOUZA, LINDOMBERG DIAS DE SOUZA, MELVA MENDEZ, FRANK CRUZ, MATHEWS CARDEAL, and SANTIAGO TEJEDA, individually and on behalf of all others similarly situated,

PLAINTIFFS

V.

AMERICAN USED AUTO PARTS, INC., NEW AMERICAN USED AUTO PARTS, INC., D&B AUTO BODY COLLISION, INC., ALEX ROSA, an individual, and WENDY DIAZ, an individual.

Docket No.: 4:25-cv-40077

---

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS UNDER 12(b)(6)

---

In the instant matter, the Plaintiffs filed a Second Amended Complaint on April 20, 2026. The Defendants are seeking dismissal of Count Six of the Second Amended Complaint under the Trafficking Victims Protection Reauthorization Act (TVPA) and also dismissal of the Plaintiffs claims as a Class action or Subclass. This claim was previously dismissed on the Defendants Motion to Dismiss on March 20, 2026.

## I. FACTUAL BACKGROUND

In the instant matter, the Court granted the Defendants Motion to Dismiss on March 20, 2026. The TVPA claim was dismissed and the Plaintiffs were given leave to amend their class claims. On April 20, 2026, the Plaintiffs filed their Second Amended Complaint.

## II. LEGAL STANDARD

### A. TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT

To pursue a civil remedy for a forced labor claim under § 1595(a), Plaintiffs must allege facts showing that Defendants either directly perpetrated a violation of the TVPA or "knowingly benefit[ed], . . . from participation in a venture which that person knew or should have known has engaged in an act in violation of [the TVPA]." 18 U.S.C. § 1595(a) (emphasis added). For the burden of proof in a civil matter, "[t]he phrase 'knew or should have known,' echoes common language used in describing an objective standard of negligence." Riccho v. Bijal, Inc., 424 F. Supp. 3d 182, 193 (D. Mass. 2019) (citing M.A. v. Wyndham Hotels & Resorts, Inc., 425 F. Supp.3d 959, 965 (S.D. Ohio 2019) (allowing claims of liability under the TVPRA to proceed against two hotels and finding that the statute "invokes a negligence standard.") (citing cases)).

The relevant criminal provision of the TVPA that provides the reference violation for Plaintiffs' civil suit is the provision prohibiting forced labor, 18 U.S.C. § 1589. This provision prohibits knowingly obtaining labor through: Force, threats of force, physical restraint, or threats of physical restraint to that person or another person; serious harm or threats of serious harm to that person or another person; abuse or threatened abuse of law or legal process; or any scheme, plan, or pattern intended to cause the person to believe that failure to perform labor would result in serious harm or physical restraint. 18 U.S.C., Section 1589(a). The phrase "serious harm" in the context of forced labor, extends to non-physical coercion, including financial or reputational harm and threats of deportation. See Papantoniadis, 165 F. 4th at 77–78 (citing 18 U.S.C. § 1589(c); United States v. Bradley, 390 F.3d 145, 151 (1st Cir. 2024), vacated on other grounds, 545 U.S. 1101 (2005); United States v. Chaudhri, 134 F.4th 166, 186–87 (4th Cir. 2025)).

**B. CLAIMS AS A CLASS OR SUBCLASS**

One or more members of a class may sue or be sued as representative parties on behalf of all members only if the class is so numerous that joinder of all members is impracticable, there

are quests of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the Class. Fed. R. Civ. P. 23. After certification of the Class, the Court must appoint Class counsel. Id.

## III. ANALYSIS AND LEGAL ARGUMENT

### A. The Claims under the TVPA Must be Dismissed

According to the Plaintiffs Complaint, the Plaintiffs allege that they have a claim under the TVPA based on the conduct of the Defendants. The Defendant asserts that the Plaintiffs have failed to sufficiently plead sufficient factual matter to support a plausible claim. Ricchio, 853 F.3d at 557. Additionally, the Plaintiffs have failed to connect the alleged coercive conduct of the Defendants to one of the prohibited means in Section 1589(a) to compel labor. Bradley, 390 F.3d 145 at 150-152. Therefore, the Plaintiffs claim must be denied.

In the Plaintiffs' initial claim for violation of the TVPA, the Court found that the Plaintiffs failed to connect the alleged conduct of the Defendant to the violations set forth under this claim and failed to allege a causation between the coercion and the Plaintiffs' continued labor. *See* Page 14 of Court's decision on Motion to Dismiss. Furthermore, the Court found there to be "vague references to potentially exploitative conduct." *See Page 14*.

In the Second Amended Complaint, the Plaintiffs continue to make vague references to exploitative conduct. According to Paragraph 70 of the amended Complaint, the Plaintiffs allege that they worked for the Defendant under threat of deportation. Also, the Plaintiff vaguely claims that "one or more" of the named Plaintiffs continued working because the Defendant

created and exploited their substance dependency. Finally, the Plaintiff alleges that Plaintiff Cardeal worked under threat of false criminal accusations.

All of these accusations are vague claims for trafficking. According to paragraph 21 of the Complaint, the Plaintiffs assert that they all worked for the Defendant for over 25 years. The Plaintiffs claim under the TVPA fails to assert any dates, times, occurrences, or manner in which threats about deportation took place. There is merely a general assertion that this conduct occurred to each Defendant.

The Plaintiffs assert that one or more of them suffered from substance abuse disorder and that they were exploited by the Defendant to engage in labor because of this. Here, the Plaintiff does not provide any context about the substance use, the kinds of substance, or which Plaintiffs had the substance abuse disorder. There is also no context as to when these threats took place. Finally, the Plaintiffs fail to connect how the Defendants conduct, leading to a loss of use of substances would be trafficking. If the parties were engaged in a working relationship, it is entirely reasonable for the Defendant to maintain that the Plaintiffs report to work substance free or they could lose their job as a consequence. This claim also fails to connect to any of the enumerated grounds under the TVPA and therefore, this cannot be considered as part of the claim.

The claim about Plaintiff Cardeal's threat of criminal accusation is unclear. Again, no context is provided about what he was alleged to have committed, when it occurred, and why he continued to work for the Defendant for 25 years. Again, there is no connection as to how his labor was exploited as a result of this.

**B. The Claims as a Class or Subclass Must be Dismissed and Brought as Individual Claims**

In the instant matter, the Plaintiff is attempting to bring the Plaintiffs' claims as a class of similarly situated individuals. The Defendant objects to this on the grounds that there are only six individual Plaintiffs in this action and they are no so numerous as to merit class certification. Fed. R. Civ. P. 23. In the case of Maine Ass'n of Retirees v. Bd.of Trs. of Maine Pub. Emps. Ret. Sys., the class action was brought on behalf of three (3) separate organizations of retirees and all State of Maine employees that retired before June 20, 2011. No. 1:12-CV-59-GZS, 2012 WL 5874783, at *2 (D. Me. Nov. 20, 2012). In the instant matter, there are only six (6) individuals. The Plaintiff is attempting to rely on class certification for numerous claims to avoid asserting individual claims on the merits. However, the Plaintiff can easily assert the different claims, the dates and times of the alleged offenses, and how each individual Plaintiff was injured. However, the Plaintiff is attempting to bring blanket claims without much context beyond the allegation.

## IV. CONCLUSION

In conclusion, the Plaintiff is asserting a series of events with no context, dates, or manner in which the Plaintiffs were exploited. The Plaintiffs worked for the Defendant for over 25 years and it is unclear when these alleged threats first arose. It is unclear how the Plaintiffs could have been victims of trafficking if they had worked for the Plaintiff for so long

Respectfully submitted,
*The Defendants*
By their Attorney,

/S/ *Nicole M. Bluefort*
Nicole M. Bluefort, Esq.
The Law Offices of Nicole M. Bluefort
583 Chestnut Street, Unit 9
Lynn, MA 01904
Tel: (781) 593-1952
Fax: (781) 593-0221
nicole@bluefortlaw.com

May 6, 2026

BDK/NMB

**CERTIFICATE OF SERVICE**

I Nicole M. Bluefort Esq., hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on May 6, 2026.

/s/ *Nicole M. Bluefort*____
Nicole M. Bluefort Esq.