**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

GUTTEMBERG DIAS DE SOUZA,
LINDOMBERG DIAS DE SOUZA, MELVA
MENDEZ, FRANK CRUZ, MATHEWS
CARDEAL, and SANTIAGO TEJEDA,
individually, and on behalf of all others similarly
situated,

        Plaintiffs,

        v.

AMERICAN USED AUTO PARTS, INC., NEW
AMERICAN USED AUTO PARTS, INC., D&B
AUTO BODY COLLISION, INC., ALEX
ROSA, an individual, and WENDY DIAZ, an
individual,

        Defendants.

Civ. No.: 4:25-cv-40077-MRG

## ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS [ECF No. 29]

**GUZMAN, J.**

Plaintiff-employees Guttemberg Dias De Souza, Lindomberg Dias De Souza, Melva

Mendez, Frank Cruz, Santiago Tejeda, and Mathews Cardeal, bring this suit individually and on

behalf of all other similarly situated putative class and collective action members (collectively,

"Plaintiffs") against their former employers, New American Used Auto Parts, Inc., D&B Auto

Body Collision, Inc., Alex Rosa, and Wendy Diaz ("Defendants"), alleging that Defendants failed

to pay legally required minimum and overtime wages, engaged in unlawful deductions, retaliation,

discrimination, and trafficking-related exploitation. [Second Am. Compl. ("SAC"), ECF No. 28].

1

In March 2026, the Court **granted in part** and **denied in part** the Defendants' initial partial motion to dismiss, dismissing the Plaintiffs' Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595 *et seq.,* claim without prejudice and granting thirty (30) days' leave to amend the complaint as to the TVPRA and class claims only. [ECF No. 27]. Plaintiffs filed a Second Amended Complaint, [ECF No. 28], and once more, Defendants filed a partial motion to dismiss on the TVPRA claim, [ECF No. 29]. In their filing, Defendants also address issues of class certification for the first time. [Id.] For the reasons stated below, the motion is **DENIED.**

## I.    BACKGROUND

The parties are familiar with the factual background in this case, as outlined in the Court's prior order, [ECF No. 27], and the Court will not recite the facts in full. For purposes of this motion, the Court will outline the relevant facts Plaintiffs allege to support their TVPRA claim. Plaintiffs allege that Defendants knowingly and deliberately supplied employees with histories of substance abuse disorders "with controlled substances during and around working hours as a means of maintaining physical and psychological dependency." [SAC ¶ 39]. Plaintiffs allege that the supply of controlled substances to these employees was to "compel their continued labor," and on occasion "threatened withdrawal of controlled substances as a scheme or pattern intended to cause these employees to believe that failure to continue performing labor would result in serious harm[.]" [Id.]

Additionally, Plaintiffs allege that between the early 2000s and 2025, "Defendants arranged or facilitated the transportation of certain individuals into the United States and thereafter required those individuals to perform labor as a condition of repaying debts purportedly owed to Defendants for the cost of their transportation . . . into the country." [Id. ¶ 40]. Defendants then exploited Plaintiffs' immigration status by requiring employees to work in excess of seventy hours per week

without proper compensation, using threats of exposing their immigration status, deportation, and the legal process to continue Plaintiffs' performance. [Id. ¶ 41].

Finally, Plaintiffs identify Mathews Cardeal, as the exemplar for the Defendants' use of the legal process "as a coercive tool," alleging that they filed false police reports against Cardeal to prevent his resignation from their employ and as retaliation for his promises to report their conduct. [Id. ¶ 42].

### A.  Procedural History

Plaintiffs commenced this action by filing a Complaint in this Court on June 9, 2025. [ECF No. 1]. In July 2025, Defendants moved to dismiss the complaint and filed an answer. [ECF Nos. 13, 15]. On July 23, 2025, Plaintiffs filed an Amended Complaint, which became the operative pleading. [ECF No. 16]. In response, Defendants timely filed an answer to the Amended Complaint on July 29, 2025, together with a renewed motion to dismiss. [ECF Nos. 17, 18]. Plaintiffs filed an opposition to the renewed motion to dismiss on August 12, 2025. [ECF No. 19]. The Court ruled on the pending motion to dismiss, denying all claims apart from the TVPRA claim. [ECF No. 27]. However, this claim was dismissed without prejudice and Plaintiffs were given thirty days to file a Second Amended Complaint in accordance with the Court's Order. [Id.] The Court indicated that it would not re-adjudicate any of the claims determined in its prior Order outside of the TVPRA claim. [Id.]

In April 2026, Plaintiffs filed a Second Amended Complaint pursuant to the Court's Order. [See SAC]. Defendants moved to dismiss the single count under the TVPRA and Plaintiffs opposed the motion. [See ECF Nos. 29, 31].

## II.    LEGAL STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). On a motion to dismiss made pursuant to Rule 12(b)(6), the factual allegations in the complaint are accepted as true, and the Court draws "all reasonable inferences in favor of the plaintiff." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (citing Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992)). The plausibility standard does not impose a probability requirement; it requires only enough facts to allow the Court to reasonably infer liability. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556.

Bare allegations and legal conclusions and/or a "formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555. Although a complaint "does not need detailed factual allegations, a plaintiff's obligations to provide the grounds of [their] entitlement to relief requires more than labels and conclusions." Id. (internal quotations omitted). While a plaintiff is entitled to all reasonable inferences from the facts alleged, their legal conclusions are not entitled to deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III.    DISCUSSION

### A.  Count XI: TVPRA Claim

Defendants argue that Plaintiffs have failed to state a plausible claim under the TVPRA because the allegations of coercive conduct are not sufficiently connected to one of the prohibitive means of compelling labor under Section 1589(a) – the criminal provision of the TVPRA that provides the reference violation for Plaintiffs' civil suit. [ECF No. 29 at 5]. The Court disagrees.

4

As stated in the Court's prior Order, to pursue a civil remedy for a forced labor claim under Section 1595(a), Plaintiffs must allege facts showing that Defendants either directly perpetrated a violation of the TVPRA or "knowingly benefit[ed], . . . from participation in a venture which that person *knew or should have known* has engaged in an act in violation of [the TVPA]." 18 U.S.C. § 1595(a) (emphasis added). In a civil action, the burden on Plaintiff is akin to the objective standard of negligence. Riccho v. Bijal, Inc., 424 F. Supp. 3d 182, 193 (D. Mass. 2019) (citing M.A. v. Wyndham Hotels & Resorts, Inc., 425 F. Supp. 3d 959, 965 (S.D. Ohio 2019) (allowing claims of liability under the TVPRA to proceed against two hotels and finding that the statute "invokes a negligence standard.") (collecting cases)).

The criminal provision of the TVPRA, 18 U.S.C. § 1589, prohibits knowingly obtaining labor through,

> (1) force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
> (2) serious harm or threats of serious harm to that person or another person;
> (3) abuse or threatened abuse of law or legal process; or
> (4) any scheme, plan, or pattern intended to cause the person to believe that failure to perform labor would result in serious harm or physical restraint.

18 U.S.C. § 1589(a); see United States v. Papantoniadis, 165 F. 4th 65, 97 (1st Cir. 2026) (affirming the district court's conviction of a criminal defendant charged with forced labor under 18 U.S.C. § 1589(a)). The phrase "serious harm" in the context of forced labor, extends to non-physical coercion, including financial or reputational harm and threats of deportation. See Papantoniadis, 165 F. 4th at 77–78 (citing 18 U.S.C. § 1589(c)(2); United States v. Bradley, 390 F.3d 145, 151 (1st Cir. 2004), vacated on other grounds, 545 U.S. 1101 (2005); United States v. Chaudhri, 134 F.4th 166, 186–87 (4th Cir. 2025)).

For liability to attach in a civil suit under Section 1595(a), Plaintiffs must connect the alleged conduct to one of the violations of Section 1589 and provide sufficient facts to allege causation between the coercion and the Plaintiffs' continued labor. See Adia v. Grandeur Mgmt., Inc., 933 F.3d 89, 93 (2nd Cir. 2019) (finding that plaintiff plausibly alleged claims for forced labor under subsection 1589(a)(3) by providing the court with explicit threats made by his employer to "expose him to deportation" finding that the threats "constituted a claim of abuse of the legal process."); United States v. Kalu, 791 F.3d 1194, 1212 (10th Cir. 2015) (finding that threats that immigrant nurses' visas would be revoked and that they would be deported and financially ruined were sufficient to constitute threats of serious harm under the TVPA); Elat v. Ngoubene, 993 F. Supp. 2d 497, 525 (D. Md. 2014) ("[I]n the majority of the cases in which the plaintiffs alleged threats of deportation in a TVPRA claim . . . , the courts noted that the defendants made multiple threats of deportation, often accompanied by threats of other harm, and/or threatened to take action to have the plaintiffs deported.") (collecting cases).

Here, Plaintiffs have adequately remedied their complaint to assert plausible causation between the prohibited conduct and forced labor. Plaintiffs allege that Defendants arranged or facilitated the transportation of immigrants into the United States to perform labor and threatened exposure of their immigration status to compel labor; and, explicitly threatened immigrant employees, requiring them to work in excess of seventy-hours a week without proper compensation due to their immigration status. [SAC ¶¶ 40, 41]. Allegations that Defendants threatened the employees' immigration status and use of the legal process to compel this excessive work, fits squarely into judicial precedent for cases involving the TVPRA. See Adia, 933 F.3d at 93; Kalu, 791 F.3d at 1212; Elat, 993 F. Supp. 2d at 525.

Plaintiffs also assert that Defendants knowingly provided controlled substances to employees with histories of addiction as a means of creating and maintaining physical and psychological dependency to compel their labor in violation of 18 U.S.C. § 1589(a)(4). [Id. ¶ 39]. Finally, Plaintiffs provide Mr. Cardeals' experience – where he attempted to resign from the employ of Defendants and was met with a police report accusing him of theft – as one example of Defendants' use of the legal process to prevent workers from terminating their employment relationship or reporting the practices of Defendants. [Id. ¶ 42].

In response to the Second Amended Complaint, Defendants merely re-hash the same arguments from their previous motion to dismiss, adopt the case law provided by the Court, and fail to engage with the substance of Plaintiffs' current allegations. [ECF No. 29 at 5–6]. Given Plaintiffs' supplemented facts and Defendants' failure to engage in legal theory or case law to support their argument, the Court is not persuaded that the Plaintiffs have failed to state a claim. It is not the Court's role "to put flesh on the bare bones of an underdeveloped argument." United States v. Mathur, 624 F.3d 498, 508 (1st Cir. 2010). The Second Amended Complaint cures the deficiencies previously identified by the Court, [ECF No. 27 at 13–16], expressly tying the allegations of coercion to the enumerated prohibited means under 18 U.S.C. § 1589(a). Furthermore, the Defendants have failed to articulate any informed response to Plaintiffs' amended allegations.

The Court finds, after accepting all factual allegations as true and drawing all reasonable inference in Plaintiffs' favor, they have sufficiently alleged facts to support that Defendants violated the TVPRA. The Plaintiffs may pursue discovery on this claim.

### B. **Class Certification**

As ordered by this Court, Plaintiffs include additional information regarding the class allegations and collective action in their Second Amended Complaint. [See SAC]. Defendants respond with two mere sentences, devoid of case law, vaguely asserting issues related to numerosity and representation of the putative class. [ECF No. 29 at 4–5]. The Court finds that Plaintiffs properly asserted their claims under putative class and collective action theories for their six pending claims, even though Plaintiffs once more fail to address specific sub-classes under these claims. [See SAC]. Based on the pleadings, the Court infers that Plaintiffs bring their FLSA overtime claims as a collective action under 29 U.S.C. § 216(b) and state claims as a class action under Fed. R. Civ. P. 23. [Id. at 3; ECF No. 31 at 8].

The Court will not engage with Defendants' limited arguments regarding numerosity and representation. [ECF No. 29 at 6–7]. "A district court must conduct a rigorous analysis of the [class] prerequisites established by Rule 23 before certifying a class." Smilow v. Sw. Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003). The issue of class certification is not presently before the Court and therefore, it will not address the merits of the Defendants' arguments at this time.

### IV.    **CONCLUSION**

For the reasons stated above, the Partial Motion to Dismiss, [ECF No. 29], is **DENIED.**

**SO ORDERED.**

Dated: June 16, 2026

      /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

8