**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

GUTTEMBERG DIAS DE SOUZA, LINDOMBERG DIAS DE SOUZA, MELVA MENDEZ, FRANK CRUZ, MATHEWS CARDEAL, and SANTIAGO TEJEDA, individually and on behalf of all others similarly situated,

PLAINTIFFS

V.

AMERICAN USED AUTO PARTS, INC., NEW AMERICAN USED AUTO PARTS, INC., D&B AUTO BODY COLLISION, INC., ALEX ROSA, an individual, and WENDY DIAZ, an individual.

Docket No.: 4:25-cv-40077

---

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS

---

In the instant matter, the Defendants are seeking sanctions against the Plaintiff for failing to submit initial disclosures in accordance with Rule 26.

## I. FACTUAL BACKGROUND

In the instant matter, the Plaintiffs filed their initial complaint on June 9, 2025. (Entry #1). On July 14, 2026, the parties had filed a scheduling order pursuant to Rule 16(b), whereby the parties agreed to complete their Rule 26 initial disclosures by August 4, 2026. (Entry #40).

As of August 4, 2026, the Plaintiff had failed to submit their initial disclosures. The parties agreed to an extension of August 7, 2026. The Plaintiffs failed to make disclosures on August 7, 2026.

On August 11, 2026, the Plaintiff submitted their initial disclosures. Upon review, the disclosures lacked any meaningful substance or disclosure of information. Namely, the Plaintiffs failed to list any witnesses, their contact information, and a calculation of damages. (See Exhibit

A). Beyond that, the Plaintiffs seemingly provided only the most barebones of information, which serves no real purpose for the Defendants in understanding the posture of the Plaintiffs case.

On August 12, 2026, the glaring deficiencies were pointed out by the Defendants. On August 14, 2026, the Plaintiffs requested an extension. The Plaintiffs never confirmed a date on which they would submit their initial disclosures. On September 1, 2026, the Defendants requested the initial disclosures again. The Defendants suggested that they would be filing a Motion for Sanctions if the disclosures were not submitted. Namely, the Defendants requested a calculation of damages and a list of witnesses. Specifically, the Defendants requested witness information for: (i) the female employee that complained of sexual harassment ( ¶ 38 of the Complaint); (ii) individuals with substance use disorders ( ¶ 39 of the Complaint); (iii) individuals complaining of the Defendants trafficking individuals into the United States ( ¶ 40). Aside from failing to list witnesses that are clearly identifiable in the Complaint, the Plaintiffs list several potential witnesses such as other owners, managers, agents, current and former employees, and payroll, bookkeepers, and accountant personnel. (See Exhibit A at Page 3). None of these individuals' names or information were shared with the Defendants. For damages, the Plaintiffs simply input "TBD" for every category of damages. (See Exhibit A at Page 4). The Plaintiffs responded to this email and requested a further extension to supply this information.

On September 8, 2026, the parties had a phone call to discuss the missing initial disclosures. The Defendants agreed to give the Plaintiffs until September 25, 2026 to submit their initial disclosures. As of the date of this filing, the Defendants are still lacking their initial disclosures from the Plaintiffs.

## II. LEGAL ARGUMENT

Pursuant to Fed R. Civ. P. 37(a)(1)(A), if a party fails to make disclosures under Rule 26(a), a party may move for appropriate sanctions. Pursuant to Rule 26, parties are required to disclose the name, address, and number of any witness with discoverable information; a copy or description by category and location of all documents and evidence; a computation of damages; and any expert witnesses. Initial disclosures are to be made within 14 days of the Rule 26(f) conference, unless otherwise agreed upon. Id.

Rule 37 sanctions are issued at the discretion of the Court. SEC v. Gastauer 93 F.4th 1, 10 (1st Cir. 2024); *see also* Diaz-Fonesca v. Puerto Rico, 451 F. 3d 13 (1st Cir. 2006). The defending party bears the heavy burden of demonstrating that a judge should not enter an order for sanctions. Diaz-Fonesca, 451 F. 3d at 25; *citing* Spiller v. USV Labs, Inc., 842 F. 2d 535, 537 (1st Cir. 1988).

In the instant matter, the Plaintiffs have failed to comply with Rule 26 in submitting their initial disclosures, as such, they should be sanctioned pursuant to Rule 37. Sanctions are statutorily warranted and entirely up to the discretion of the Judge. Because sanctions are left to the discretion of the Judge, the Defendants request that the Plaintiffs be precluded from using any witnesses at trial, because the Plaintiffs did not name any extraparty witnesses in their disclosures, and should be precluded from making any claim or assertion for damages, because they failed to give an estimation of damages. The Defendants also request that the Plaintiffs be precluded from using or asserting any additional evidence that is not disclosed pursuant to Rule 26(a)(1)(A)(ii). Finally, the Defendants seek an award of attorneys fees for having to draft this Motion.

In the case of Diaz-Fonesca, where the Defendants took a "lackadaisical approach" to responding to discovery and failed to comply with Court order to produce discovery, the Court prevented the Defendants from presenting any evidence in their case. 451 F. 3d at 23. In the instant matter, the Plaintiffs are failing to respond to discovery pursuant to their own agreement and pursuant to the order of the Court. Here, the Plaintiffs agreed to submit initial disclosures by August 4, 2026. (Entry #40). This agreement was entered as an order by the Court as of July 21, 2026 (Entry #41). As in the Diaz-Fonesca case, the Plaintiffs are taking a "lackadaisical approach"towards producing initial disclosures. This is evidenced by the fact that they continue to make agreements about producing disclosures - and then fail to produce the items.

As of the date of this filing, nearly two (2) months have elapsed since the initial agreed upon date for initial disclosures. This matter has been open since June 25, 2025. The Plaintiffs have had over one (1) year to prepare for the exchange of initial disclosures. Initial disclosures are a statutory requirement pursuant to Rule 26 and therefore it should be of no surprise to the Plaintiffs that these items needed to be produced. The Defendants have generously agreed to multiple extensions - yet the Plaintiffs fail to produce the aforementioned disclosures. This is prejudicial to the Defendants due to the fact that it is delaying the Defendants own ability to prepare and defend in this action. As such, we seek sanctions to preclude any witnesses of the Plaintiff, preclude any claim of damages, and to award the Defendants attorneys fees based on the Plaintiffs actions.

## III. CONCLUSION

Because the Plaintiffs have failed to make their Rule 26 initial disclosures as agreed upon by the parties, the Defendants are seeking that sanctions be imposed. The Plaintiffs have had approximately two (2) months to submit their disclosures. The Plaintiffs have agreed to

supplement their disclosures. The Plaintiffs have ultimately failed to make their disclosures and as such, the Defendants are seeking that they be precluded from using the aforementioned witnesses, evidence, or damages at trial and that attorneys fees be awarded.

Respectfully submitted,
*The Defendants*
By their Attorney,

/S/*Benjamin D. Klub*

Benjamin D. Klub, Esq.
MA BBO: 709358
The Law Offices of Nicole M. Bluefort
583 Chestnut Street, Unit 9
Lynn, MA 01904
Tel: (781) 593-1952
Fax: (781) 593-0221
nicole@bluefortlaw.com

September 29, 2026